

FILED

2004 FEB 23 P 12: 45

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | CASE NO. 3:02CV1403 (JCH) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CHAPMAN | : | |
| Defendant | : | FEBRUARY 20, 2004 |

### ANSWER TO AMENDED COMPLAINT

1.    The Defendant, Steve Chapman, denies the allegations contained in Paragraph 1 of the Complaint.

2.    The Defendant, Steve Chapman, admits the allegations contained in Paragraph 2 of the Complaint.

3.    The Defendant, Steve Chapman, admits the allegations contained in Paragraph 3 of the Complaint.

4.    The Defendant, Steve Chapman, admits the allegations contained in Paragraph 4 of the Complaint.

5.    The Defendant, Steve Chapman, admits the allegations contained in Paragraph 5 of the Complaint.

6.    The Defendant, Steve Chapman, denies the allegations contained in Paragraph 6 of the Complaint.

7.     The Defendant, Steve Chapman, admits so much of Paragraph 7 of the Complaint as reads, "Although the plaintiff on at least one of the said occasions did not have his driver's license on his person, the defendant had no knowledge of that fact when he stopped the plaintiff". The Defendant, Steve Chapman, denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8.     The Defendant, Steve Chapman, denies so much of Paragraph 8 of the Complaint as reads, "The Defendant knowingly, falsely and maliciously arrested the plaintiff without a warrant and". The Defendant, Steve Chapman, admits so much of Paragraph 8 of the Complaint as reads, "charged the plaintiff with alteration of a marker in violation of Section 14-147a of the Connecticut General Statutes, violation of the mandatory security statute, Section 38a-371 of the Connecticut General Statutes, operating an unregistered motor vehicle in violation of Section 14-12a of the Connecticut General Statutes, and improper display of marker plates in violation of Section 14-18 of the Connecticut General Statutes". The Defendant, Steve Chapman, denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.     The Defendant, Steve Chapman, admits so much of Paragraph 9 of the Complaint as reads, "The defendant, at the time of the aforesaid arrest, ordered the plaintiff out of his car". The Defendant, Steve Chapman, denies so much of Paragraph

9 of the Complaint as reads, "pushed him around, twisted his previously injured arm high up behind his back, and thereupon physically placed him in a police cruiser". The Defendant, Steve Chapman, admits the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant, Steve Chapman, denies so much of Paragraph 10 of the Complaint as reads, "At police headquarters, knowing that the charges against the plaintiff were false and that the plaintiff was a long-time married resident of the town". The Defendant, Steve Chapman, admits the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant, Steve Chapman, admits so much of Paragraph 11 of the Complaint as reads, "The plaintiff was thereafter required to appear in court to defend himself". The Defendant, Steve Chapman, denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant, Steve Chapman, denies the allegations contained in Paragraph 12 of the Complaint.

13. The Defendant, Steve Chapman, denies so much of Paragraph 13 of the Complaint as reads, "As a consequence of the unreasonable force inflicted upon him by the defendant". As to the remainder of the allegations contained in Paragraph 13, the

Defendant, Steve Chapman, has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to his burden of proof.

14.    The Defendant, Steve Chapman, denies so much of Paragraph 1 of the Complaint as reads, "As a consequence of all the constitutional violations perpetrated against him by the defendant". As to the remainder of the allegations contained in Paragraph 14, the Defendant, Steve Chapman, has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to his burden of proof.

15.    The Defendant, Steve Chapman, denies the allegations contained in Paragraph 15 of the Complaint.

## SPECIAL DEFENSES

The Defendant, Steve Chapman, is protected from the Plaintiff's claims by the doctrine of qualified immunity.



THE DEFENDANT,
STEVE CHAPMAN

By:_____
FRANK J. SZILAGYI
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT07859

## CERTIFICATION

I, Frank J. Szilagyi, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 20th day of February, 2004 to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

By:_____
FRANK J. SZILAGYI
Silvester & Daly

nai-bacchiocchi/answer to amended complaint.021904