UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | CASE NO. 302CV1403 (EBB) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CHAPMAN | : | |
|     Defendants | : | APRIL 23, 2004 |

## DEFENDANT'S TRIAL MEMORANDUM

1. **TRIAL COUNSEL**

   Frank J. Szilagyi
   Silvester & Daly
   72 Russ Street
   (860) 278-2650

2. **JURISDICTION**

   The Plaintiff brings this cause of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Federal Jurisdiction is founded upon 28 U.S.C. § 131; 28 U.S.C. § 1343 and 28 U.S. § 1367.

3. **JURY/NON-JURY**

   This case has been claimed for a jury trial.

**4.    NATURE OF CASE**

The Plaintiff claims that the Defendant violated his Fourth Amendment rights when he used excessive force in handcuffing him. The Defendant claims that he is entitled to qualified immunity for said claim.

**5.    STIPULATIONS OF FACT AND LAW**

1. On August 15, 2001, the Plaintiff, a resident of Derby, was driving a green Buick on Prospect Street in Derby when he was stopped by the Defendant.

2. On all times relevant hereto, the Defendant was a police officer for the Town of Derby and was on-duty when he stopped the Plaintiff.

3. The Defendant stated in the police report that, "it appeared that the expiration date on the plate had been altered to appear valid" and that "a check with the Department of Motor Vehicles showed there to be no information found for CT temporary 6304."

4. The Defendant conducted a motor vehicle stop and arrested the Plaintiff on charges of violating General Statutes § 14-147a (alteration of a marker); § 38a-371 (mandatory security); § 14-12 (a) (unregistered motor vehicle); § 14-36 (operating a motor vehicle without a license) and § 14-18 (improper display of marker plate).

5. The Plaintiff did not have his license on him at the time of the stop and arrest.

6. The Defendant handcuffed the Plaintiff and transported him to the Derby Police Department.

7. The Defendant set bond at $500.

8. The Plaintiff pled guilty to a substituted information's charge of Operating Without a License, § 14-36, and paid a $78 fine.

9. The original charges were nolled.

10. The Plaintiff received medical attention for his alleged injuries on November 6, 2001.

**6.** **PLAINTIFF'S CONTENTIONS**

The Plaintiff, Jonathan Bacchiocchi, claims that the Defendant, a police officer for the Town of Derby, stopped the Plaintiff while on duty when he was operating his motor vehicle on August 15, 2001 and November 14, 2001. On August 15, 2001, the Defendant arrested and charged the Plaintiff with violating General Statutes § 14-147a (alteration of a marker); § 38a-371 (mandatory security); § 14-12 (a) (unregistered motor vehicle); § 14-36 (operating a motor vehicle without a license) and § 14-18 (improper display of marker plate).

The Plaintiff alleges that when the Defendant ordered him out of his motor vehicle, the Defendant twisted his previously injured arm, causing him to sustain further injuries to his arm.

The Plaintiff pled guilty to a substituted information's charge of Operating Without a License, § 14-36, and paid a $78 fine.

7.  **DEFENDANT'S CONTENTIONS**

The Defendant is entitled to qualified immunity from the claim of unreasonable or excessive force. There is no indication that his conduct was unreasonable in light of the information that he possessed at the time of the alleged constitutional violation. The Defendant is also entitled to qualified immunity if reasonable officers would disagree as to whether the force he employed was excessive under the circumstances. The Defendant charged and arrested the Plaintiff for violating four different statutes and driving without a license.

Although the Plaintiff alleges that his arm was twisted by the Defendant, it is clear from the allegations that the Defendant twisted the Plaintiff's arm only for the purpose of handcuffing him. The Defendant did not use unreasonable or excessive force when he allegedly twisted the Plaintiff's arm to place him in handcuffs. As the Plaintiff alleges, even if the Plaintiff's arm was previously injured and the injury was subsequently

exacerbated by the Defendant's act of handcuffing the Plaintiff, the Plaintiff never indicated to the Defendant that he was injured.  Even if, however, the Plaintiff had indicated to the Defendant that his arm was injured, the Defendant would still be entitled to qualified immunity since he acted reasonably when he arrested the Plaintiff.

The Plaintiff has failed to produce any evidence connecting his claimed injuries to his arrest by the Defendant in Derby.

**8.     LEGAL ISSUES**

1.     The Plaintiff contends that the Defendant violated the Fourth Amendment by using excessive force when the Defendant handcuffed the Plaintiff.

2.     The Defendant asserts that he is entitled to qualified immunity because he acted reasonably when he handcuffed the Plaintiff.

3.     The Defendant disputes any causal connection between the Plaintiff's claimed injuries and the arrest in Derby.

**9.     VOIR DIRE QUESTIONS**

1.     Have you, a family member or close friend been arrested by police?

2.     Have you had a negative experience with police?

3.     Have you, a family member or close friend filed any claims or complaint against a police officer?

    4.    Are you friendly with any police officers?

**10.** **LIST OF WITNESSES**

    1.    Steve Chapman, 248 Edgewood Circle, Southington, CT 06489. Officer Chapman is expected to testify about the circumstances surrounding the Plaintiff's arrest, including the motor vehicle stop and the handcuffing of the Plaintiff.

    2.    Jonathan Bacchiocchi, 25 High Street, Derby, CT 06418. The Plaintiff is expected to testify about the events surrounding his arrest and the injuries he allegedly sustained as a result of the handcuffing.

**11.** **EXHIBITS**

Plaintiff's Medical Records
Police Report

**12.** **DEPOSITION TESTIMONY**

The Defense does not anticipate that any witness will be testifying by deposition at trial.

**13.** **REQUESTS FOR JURY INSTRUCTIONS**

See Attached

14. **ANTICIPATED EVIDENTIARY PROBLEMS**

The Defense does not anticipate any evidentiary problems at trial.

15. **TRIAL TIME**

The Defense estimates that the trial should last two days.

16. **FURTHER PROCEEDINGS**

The Defendant does not anticipate any further proceedings at this time.

17. **ELECTION FOR TRIAL BY MAGISTRATE**

The parties have not agreed to have the case tried by a United States Magistrate.

        THE DEFENDANT,
        STEVE CHAPMAN


By:_____
   FRANK J. SZILAGYI
   Silvester & Daly
   72 Russ Street
   Hartford, CT 06103
   Tel. (860) 278-2650
   Federal Bar No. CT07859

## **CERTIFICATION**

      I, Frank J. Szilagyi, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 23rd day of April, 2004 to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

                                   By:_____
                                         FRANK J. SZILAGYI
                                         Silvester & Daly

nai-bacchiocchi/trial memo.021004