**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | CASE NO. 302CV1403 (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CHAPMAN | : | |
| Defendant | : | APRIL 23, 2004 |

**DEFENDANT'S PROPOSED JURY CHARGE**

I.   **Credibility of Witnesses**

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or

her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

## II.    42 U.S.C. § 1983-Excessive Force Claim

The plaintiff claims that the defendant violated his constitutional right not to be subjected to use of excessive force by a police officer.  He brings this claim under a federal law, 42 U.S. Code § l983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he has violated.

In order to prove this claim, the plaintiff must prove:

First, that the defendant was acting under color of state law.

Second, that the defendant engaged in actions that deprived him of his constitutional right not to be subjected to use of excessive force, and

Third, that the defendant's acts were the proximate cause of the injuries or losses claimed by the plaintiff.

**1.      Color of Law**

The first element, acting under color of state law, is not in dispute.

Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.  Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997).

**2.      Excessive Force**

The second element requires more explanation. The fourth amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government officials, including police officers. This right is violated if a police officer subjects a person to excessive force. The right of a police officer to stop and arrest a person necessarily carries with it the right to use some degree of physical coercion or contact to effect the arrest.  Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).  This does not mean, however, that the officer may use excessive amounts of force.

Force is excessive, and use of such force constitutes a violation of a person's rights under the fourth amendment, if the amount of force used would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that the police officer used such force. The test is not whether the defendant thought his/her use of force was reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of such amount of force under the circumstances at the time the force was used?  Id.

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officer or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of the courtroom, violates the fourth amendment. Your assessment of reasonableness must allow for the fact that the police officer may have had to make a split-second

judgment concerning the amount of force that was necessary in circumstances that were tense, uncertain and rapidly evolving.  Id. at 396-97.

The issue is whether the force used was reasonable, not the officer's intent or frame of mind. An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a fourth amendment violation out of the use of force that is a reasonable amount of force under the circumstances. An officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

It is these constitutional standards, rather than the text of any state statute or any departmental regulation, that should govern your consideration of this claim.

The facts are in dispute as to what the circumstances were when the defendant acted.

You must determine what the circumstances were, as they presented themselves to the defendant, at the precise time that he acted. If you find that the defendant was in danger because of some conduct of his own, the fact that the police officer's own actions contributed to his/her being in danger has no bearing on the issue of whether the force used was excessive. You are simply to determine what the situation was at the

time the defendant used force, and whether a reasonably competent police officer

would not have used such force under the circumstances at the time.

### 3.    Proximate Cause

The third element that the plaintiff must establish is that the defendant's use of

force was the proximate cause of the injuries or losses that the plaintiff sustained. An

injury or loss is proximately caused by an action if that action was a substantial factor in

bringing about the injury or the loss. The injury or loss must also be either a direct result

or a reasonably probable consequence of the act of the defendant. In other words, the

plaintiff must satisfy you that his/her injuries or losses were the natural and probable

consequence of the defendant's acts, and that the defendant ought to have foreseen

that injury or loss was likely to result from such acts.

Authority:

Monsky v. Moraghan, 127 F.3d 243 (2d Cir. 1997); Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); U.S. Constitution, amend. IV; 42 U.S.C. § 1983.

### III.    Qualified Immunity

The plaintiff's federal civil rights claims are that the police used excessive force in

arresting him.  If the jury finds that a defendant is liable to the plaintiff on a particular

claim, the court must then consider whether that defendant is shielded from such liability

on that claim because of the doctrine of qualified immunity.  Even though the issue

qualified immunity may depend upon the resolution of factual issues, it remains an issue

of law to be decided by the court.  See, e.g. Stein v. Board of City of New York, 792

F.2d 13, 18 (2d Cir. 1988).  The Second Circuit Court of Appeals has made it clear that

the jury should not be allowed to decide the ultimate issue of qualified immunity.  In

Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990), the court affirmed a jury charge given in a

Section 1983 false arrest case which asked the jury to make a finding on the arresting

officer's "reasonable belief" that the plaintiff had committed a crime.  The court stated:

"The better rule, we believe, is for the court to decide the issue of qualified immunity as

a matter of law. . . . If there are unresolved factual issues which prevent an early

disposition of the defense, the jury should decide these issues on special

interrogatories.  Id. at 76.

        Law enforcement officers, such as the defendant, are shielded from liability for

civil damages when performing discretionary duties or functions insofar as their conduct

does not violate any clearly established statutory or constitutional rights of which a

reasonable person would have known; Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.

Ct. 2727, 73 L. Ed. 2d 396 (1982); or insofar as it was objectively reasonable for them to

believe that their acts did not violate such clearly established rights.  Id. at 814.  In the

context of this case, to establish the defense of qualified immunity, the Defendant must

demonstrate, by a preponderance of the evidence, that it was objectively reasonable

for him to believe that his actions did not violate any clearly established right of the

plaintiff -- in other words, that a reasonable police officer in that defendant's situation

could believe his conduct to be lawful.

If the jury finds that the plaintiff's right not to have excessive force used on him

was violated by the defendant, but also finds that police officers of reasonable

competence could disagree as to whether there was probable cause to arrest the

plaintiff, then that defendant is entitled to qualified immunity on that claim and is not

liable to the plaintiff on that claim.  Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092,

89 L. Ed. 2d 271 (1986).

In this case, the only question that the jury needs to resolve in order for the court

to determine the issue of qualified immunity under Warren, is the same question that

underlies its resolution of the excessive force claim in this case: was the use of force by

the Defendant reasonable in light of the circumstances? To the extent the court seeks to

have an express finding by the jury on this issue, this can be accomplished by

furnishing an interrogatory to the jury, as set forth in the Defendant's Proposed Jury

Interrogatories.

Authority:

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); <u>Stein v. Board of City of New York</u>, 792 F.2d 13 (2d Cir. 1988); <u>Warren v. Dwyer</u>, 906 F.2d 70 (2d Cir. 1990).

                              THE DEFENDANT,
                              STEVE CHAPMAN

                              By:_____
                                 FRANK J. SZILAGYI
                                 Silvester & Daly
                                 72 Russ Street
                                 Hartford, CT 06103
                                 Tel. (860) 278-2650
                                 Federal Bar No. CT07859

## CERTIFICATION

I, Frank J. Szilagyi, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 23rd day of April, 2004 to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

By:_____
    FRANK J. SZILAGYI
    Silvester & Daly

nai-bacchiocchi/jury charge.042004