UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | CASE NO. 302CV1403 (EBB) |
| Plaintiff | : | |
| v. | : | |
| STEVE CHAPMAN | : | |
| Defendants | : | APRIL 1, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE**

**I.    FACTS**

The Plaintiff, Jonathan W. Bacchiocchi, filed a Complaint against the Defendant, Steve Chapman, on August 13, 2002, and subsequently filed an Amended Complaint. dated February 10, 2003.  In the Amended Complaint, the Plaintiff alleges that the Defendant, a police officer for the Town of Derby, stopped the Plaintiff when he was driving his motor vehicle on August 15, 2001.  On August 15, 2001, the Defendant arrested and charged the Plaintiff with violating General Statutes § 14-147a, alteration of a marker plate; General Statutes § 38a-371, failure to maintain security; General Statutes § 14-12(a), operation of an unregistered motor vehicle; General Statutes § 14-36, failure to have motor vehicle operating license; and General Statutes § 14-18, dealers' number plates.  The Plaintiff alleges that when the

Defendant ordered him out of his motor vehicle, the Defendant twisted his previously injured arm, causing his to sustain further injuries to his arm.

The Plaintiff pled guilty to the charge of failure to carry a license in violation of § 14-213.

As a result of the aforementioned facts, the Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983 and § 1988 and sets forth a claim of unreasonable or excessive force.

Trial in this matter is scheduled to begin on April 5, 2005.  Pursuant to the scheduling order entered by Judge Hall, the deadline for the Plaintiff to disclose an expert witness was May 1, 2003.

## II.     LAW AND ARGUMENT

Federal Rule 26 (a) (2) provides a party shall disclose the identity of an expert witness as well as the written report prepared by said expert witness.  Fed. R. Civ. P. 26 (a) (2) (B).  Federal Rule 26 (a) (2) also provides that "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26 (a) (2) (C).  "[T]he purpose of this rule is to give parties a *reasonable opportunity* to prepare an effective cross-examination of the opposing parties expert witnesses and, if necessary, arrange for testimony from other experts."  (Internal quotation marks

omitted.)  Hyun v. South Kent School, United States District Court, District of Connecticut, Docket No. 3:95 CV 2235 (AHN) (September 17, 1997, *Nevas, J.*) (1997 WL 597122).

"A party that without substantial justification fails to disclose information required by Rule 26 (a) . . .  is not, unless such failure is harmless, permitted to use as evidence at a trial . . .  any witness or information not so disclosed."  Fed. R. Civ. P. 37 (c) (1). The court looks at several factors when deciding whether to exclude expert testimony where said testimony was not properly disclosed: "prejudice or surprise; ability to cure; disruption of trial efficiency; and bad faith or willfulness."  Wolack v. Spucci, 217 F.3d157, 161 (2d Cir. 2000); see also Softel, Inc. v. Dragon Med. And Scientific Communictions, Inc., 118 F. 3d 955, 961 (2d Cir. 1997) (listing similar factors).

The Plaintiff's remaining claim is a claim of excessive force. The Plaintiff claims that the Defendant's use of excessive force during the arrest caused him certain physical injuries, specifically to his shoulder.  "[T]he law in the Second Circuit has not often upheld damage awards based on emotional distress or permanent injury without expert testimony."  Bordeau v. Village of Deposit, 113 F. Sup. 2d 292, 304 (N.D.N.Y. 2000).  "Whether expert testimony is necessary to prove the existence of a particular

3

injury (or other item of damage) and a causal link between the injury and the defendant's tortious conduct may depend on a number of factors." <u>Cappello v. Maresca</u>, 921 F. Sup. 84, 86 (D. Conn. 1995).  In <u>Cappello</u>, the court held that "without the aid of expert testimony, a lay jury could not determine the seriousness or duration of these nonobvious injuries or their effect on the plaintiff's ability to work."  Id.

     In this instance, the scheduling order entered by Judge Hall required the Plaintiff to disclose his expert witnesses on or before May 1, 2003.  The Plaintiff never requested an extension of time to disclose an expert witness and, to date, has not disclosed an expert witness who will testify regarding causation.  Moreover, disclosing an expert witness at this time would cause surprise and cause prejudice to the Defendant.  Any disclosure of an expert witness regarding causation or otherwise may cause disruption to the trial in that the Defendant must have an opportunity to depose the expert witness and return his own expert witness.

### III. **CONCLUSION**

     For the foregoing reasons, the Defendants, Steve Chapman, requests that the court grant his Motion to Preclude.

THE DEFENDANT
STEVE CHAPMAN


By:_____
FRANK J. SZILAGYI
Silvester & Daly
118 Oak Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT07859

5

## **CERTIFICATION**

I, Frank J. Szilagyi, attorney for the Defendant, hereby certifies that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 1st day of April, 2005 to:

John R. Williams, Esq.
Joseph M. Merly, Esq.
51 Elm Street, Suite 409
New Haven, CT 06510

By:_____
FRANK J. SZILAGYI
Silvester & Daly

nai-bacchiocchi/memo. mot. preclude expert.033005