**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | CASE NO. 302CV1403  (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CHAPMAN | : | |
| Defendant | : | APRIL 20, 2005 |

<u>**MEMORANDUM IN SUPPPORT OF MOTION FOR ATTORNEYS' FEES**</u>

Pursuant to Federal Rule of Civil Procedure 54 (d), the Defendant, Steve

Chapman, hereby submits this Motion for Attorneys' Fees.  In support of this

Motion, the Defendant submits that he is the prevailing party and that he is entitled

to attorneys' fees pursuant to 42 U.S.C. § 1988.

**I.**    <u>**FACTS**</u>

The Plaintiff, Jonathan W. Bacchiocchi, filed the original Complaint in this

matter against the Defendant, Steve Chapman, on August 13, 2002, and

subsequently filed an Amended Complaint, dated February 10, 2003.  In the

Amended Complaint, the Plaintiff alleged a violation of his civil rights pursuant to

42 U.S.C. § 1983 and § 1988.  He alleged that the Defendant maliciously arrested

him and sought to harass him.  He stated claims against the Defendant for

excessive force, false arrest, unreasonable and excessive bond and malicious

prosecution as well as violations of his Fourth and Eighth Amendment Rights.

The Defendant filed a Motion for Summary Judgment dated August 13, 2003, directed at all of Plaintiff's claims.  On January 26, 2004, the court, Hall, J., ruled that Plaintiff's malicious prosecution, false arrest, and excessive bail claims were insufficient as a matter of law and granted Defendant's Motion for Summary Judgment as to these claims.

Thereafter, Plaintiff's claim for excessive force, the only remaining claim, was tried to a jury on April 5, 2005.  The jury rendered a verdict in favor of the Defendant on April 5, 2005, and judgment entered for the Defendant, Steve Chapman, on April 6, 2005.

**II.    LAW AND ARGUMENT**

**A.    Legal Standard for Motion for Attorneys' Fees**

"[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988 (b).  "If a plaintiff prevails, then attorneys' fees are ordinarily allowed the plaintiff unless special circumstances would render such an award unjust . . . . A different standard applies when a defendant prevails, for there attorneys' fees may be awarded only if the court finds that the plaintiff's claim was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' "  (Citations

omitted; internal quotation marks omitted.)  Oliveri v. Thompson  803 F.2d 1265,

1272 (2d Cir. 1986).

In Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980),

the United States Supreme Court adopted the standard for attorney's fees in Title

VII claims and applied the standard to claims brought under 42 U.S.C. § 1983.

The court stated "[i]n Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.

Ct. 694, 54 L. Ed. 2d 648 (1978), we held that the defendant in an action brought

under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the

plaintiff only if the District Court finds that the plaintiff's action was frivolous,

unreasonable, or without foundation, even though not brought in subjective bad

faith . . . . Although arguably a different standard might be applied in a civil rights

action under 42 U.S.C. § 1983, we can perceive no reason for applying a less

stringent standard. The plaintiff's action must be meritless in the sense that it is

groundless or without foundation." (Citations omitted; internal quotation marks

omitted.)  Hughes, 449 U.S. at 14.

"Application of this standard is entrusted to the discretion of the district

court, and its decision will be reversed only when that discretion is abused."

Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001).

"Although the district court must factor into its decision the procedural history of the

case, considering whether or not the case survived motions for summary judgment

and motions for a directed verdict, such inquiry is not dispositive of a motion for

attorneys' fees."  <u>Piurkowski v. Goggin</u>, United States District Court, No. Civ. A.

301CV 302SRU (D.Conn. July 6, 2004, *Underhill, J*).

**B.     As the prevailing party, the Defendant is entitled to attorneys' fees because the Plaintiff's claims were frivolous, unreasonable and/or groundless**

1.     Malicious Prosecution Claim

        The court granted the Defendant's Motion for Summary Judgment on

Plaintiffs malicious prosecution claim because the criminal charges

against the Plaintiff were not terminated in his favor.  The court noted that the

Plaintiff admits that "he pled guilty to the charge of failure to carry a license in

violation of Conn. Gen. Stat. §14-213, and that the other charges were nolled". See

Ruling on Defendant's Motion for Summary Judgment, dated January 26, 2004,

Hall, J., page 9.

        In addition, Plaintiff was misleading in his responses to Defendant's

discovery requests.  In response to Defendant's Interrogatory regarding the

underlying criminal case, Plaintiff stated that all of the charges against him were

nolled, neglecting to state that he had pled guilty to the charge contained in a substitute information.  Thus, Plaintiff had no good faith basis to make his malicious prosecution claim.  The court noted that "[t]he alteration of charges as part of a plea taken on the same day is not a termination in Bacchiocchi's favor not does it suggest innocence".  Id., at p. 11.

The Plaintiff should have known that the malicious prosecution claim had no merit because, having pled guilty to the charges contained in the substitute information, there was no way he could put forth any evidence that the charges had been terminated in his favor.  In light of the fact that Plaintiff did not, and could not, put forth any evidence to show that the criminal charges were terminated in his favor, Plaintiff's malicious prosecution claim was unreasonable, frivolous and/or groundless and the Defendant is entitled to attorney's fees on the malicious prosecution claim.

2.      False Arrest Claim

Plaintiff's claim against the Defendant for false arrest was unreasonable, frivolous and or groundless for the same reasons that his claim malicious prosecution was unreasonable, frivolous and/or groundless.  Plaintiff could not, and did not, put forth any evidence to support his claim for false arrest because the

criminal charges were not terminated in his favor.  The court stated that,

"Bacciocchi eventually entered a guilty plea on a substituted information, pleading

to "failure to carry license" in violation of Conn. Gen. Stat. §14-213.  This

substituted charge was related to, albeit lesser than, the charges for which he was

originally arrested, and was entered on the same day that the other charges were

nolled." Id., at p. 13.

In addition, Plaintiff was misleading in his responses to Defendant's

discovery requests.  In response to Defendant's Interrogatory regarding the

underlying criminal case, Plaintiff stated that all of the charges against him were

nolled, neglecting to state that he had pled guilty to the charge contained in a

substitute information.  Thus, Plaintiff had no good faith basis to make his

malicious prosecution claim.  The court noted that "[t]he alteration of charges as

part of a plea taken on the same day is not a termination in Bacchiocchi's favor not

does it suggest innocence". Id., at p. 11.

Plaintiff should have known that the false arrest claim had no merit because

he did not receive a favorable termination of the underlying criminal charges.

Given the foregoing, and the Plaintiff's lack of any evidence to support his false

arrest claim, the Defendant is entitled to attorney's fees as to the false arrest claim

because the false arrest claim was unreasonable, frivolous and or groundless.

3.      Excessive Bail Claim

Plaintiff's excessive bail claim was unreasonable, frivolous and/or groundless because he offered no evidence which could support such a claim.

The court ruled that the Defendant was entitled to absolute immunity on the Plaintiff's excessive bail claim, noting that the setting of bail was a judicial act which is "at the heart of what is protected by judicial immunity".  See Ruling on Defendant's Motion for Summary Judgment, dated January 26, 2004, Hall, J., page 14.

The court further noted that the Defendant's act of setting bail "was within [the Defendant's] express authority to set bail as conferred by Conn. Gen. Stat. §54-63c.  Under these circumstances, the defendant is entitled to absolute immunity". Id.

The Plaintiff did not allege, nor could he offer any evidence to support any allegations, that the Defendant acted outside his authority is setting bail in this matter.  Plaintiff should have known that his excessive bail claim was insufficient as a matter of law because there was no evidence to support such a claim.  As such, the Defendant is entitled to attorney's fees on the Plaintiff's excessive bail

claim.

4.    Excessive Force Claim

Plaintiff's excessive force claim was tried to a jury on April 5, 2005, which jury rendered a verdict for the Defendant, Steve Chapman, the very same day.

Plaintiff's excessive force claim is based upon Plaintiff's allegation that the Defendant, when attempting to put handcuffs on the Plaintiff, twisted the Plaintiff's previously injured arm until there was an audible "pop", thereby further injuring Plaintiff's arm.

The only evidence put forth at trial to support the excessive force claim was the testimony of the Plaintiff.  He testified that the Defendant, while attempting to handcuff him, twisted his already injured arm until there was an audible "pop". Plaintiff also testified that he did not seek medical treatment for his injured arm until about four months after the arrest.  Last, Plaintiff testified that he did not tell the Defendant, or any other police officer, that his arm/shoulder had been injured in the arrest.

Not only did the Plaintiff fail to carry his burden of proof on his claim of excessive force, but he failed to offer any credible or reliable evidence against Officer Chapman.  Throughout the discovery process and the trial, the Plaintiff was

unable to produce any evidence that the Defendant used excessive force against him.

Given the aforementioned, Plaintiff's claim of excessive force was unreasonable, frivolous and/or groundless and the Defendant is entitled to attorney's fees on the excessive force claim.

## C.    Amount of Attorney's Fees

Silvester & Daly's billable rate for this matter was $135.00 per hour.  This matter was handled by Attorneys Frank J. Szilagyi and Josephine A. Spinella.  Each attorney billed his or her time at the same hourly rate.  Attorney Szilagyi, the supervising attorney, has fifteen (15) years of legal experience.  Attorney Spinella has two (2) years of legal experience.  See Exhibit A, Affidavit of Frank J. Szilagyi.

As Attorney James Tallberg and Attorney David Curry aver, Silvester & Daly's billable rate for this matter was reasonable.  See Exhibit B, Affidavit of James Tallberg and Exhibit C, Affidavit of David Curry[1].  Furthermore, as demonstrated in the attached affidavits, these rates are in line with the prevailing rates in the community for similar services by lawyers or reasonably comparable skill, experience and reputation.  See Blum v. Stenson, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

---

[1] Attorney Curry's affidavit will be provided to the court.

The amount of attorney's fees incurred from August 12, 2002 (date of Complaint) through April 6, 2005 (date court entered judgment for the Defendant, Steve Chapman) is Twenty-Thousand Three-Hundred Twenty-Eight Dollars and Twenty-five Cents ($20,328.25), through the end of March 2005[2]. See Exhibit D, Bills from Silvester & Daly.

**III.    CONCLUSION**

For the foregoing reasons, the Defendant, Steve Chapman, respectfully requests that the court grant him attorney's fees.

THE DEFENDANT,
STEVE CHAPMAN

By:_____
     WILLIAM M. TIERNEY
     Silvester & Daly
     118 Oak Street
     Hartford, CT 06103
     Tel. (860) 278-2650
     Federal Bar No. CT25904

---

[2] Silvester & Daly's billing for April 2005 has not been computed and billed as yet. It will be provided to the court when completed.

## **CERTIFICATION**

I, William M. Tierney, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 20th day of April, 2005 to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510


By:_____
    WILLIAM M. TIERNEY
    Silvester & Daly