UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN W. BACCHIOCCHI | : | |
| VS. | : | NO. 3:02CV1403(EBB) |
| STEVE CHAPMAN | : | MAY 9, 2005 |

### MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES

The defendant police officer, who successfully defended against the plaintiff's 42 U.S.C. § 1983 action for false arrest, malicious prosecution, excessive bail bond, and unreasonable force, has moved for an award of attorney fees pursuant to 42 U.S.C. § 1988.  He prevailed on the false arrest, malicious prosecution and excessive bail bond claims prior to trial, when his motion for summary judgment was granted in part, and prevailed on the unreasonable force claim at trial.

"The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations.  As stated in the legislative record, '[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover

1

what it costs them to vindicate these rights in court.' S.Rep.No. 1011, 94th Cong., 2d Sess. 2 (1976)...." Ortiz v. Regan, 980 F.2d 138, 140 (2nd Cir. 1992).

"An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct....A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation...." Riddle v. Egensperger, 266 F.3d 542, 547 (6th Cir. 2001); Dubuc v. Green Oak Township, 312 F.3d 736, 754-55 (6th Cir. 2002); Tahfs v. Proctor, 316 F.3d 584, 596 (6th Cir. 2003). The court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

In deciding whether such fee awards are proper, the district court should look first to its prior rulings in the case itself. If the court previously denied a motion to dismiss for failure to state a claim, a pretrial motion for summary judgment, or a mid-trial motion for judgment as a matter of law, then there absolutely is no basis for awarding attorney fees to the prevailing defendant. Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2nd Cir. 2001); LeBlanc-Sternberg v. Fletcher, 143 F.3d 765 (2nd Cir. 1998). The Eleventh Circuit, "recognizing that determinations regarding frivolity [the necessary prerequisite to a reverse fee award]

are to be made on a case-by-case basis, has identified several factors to help inform that determination, among them: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" <u>Bruce v. City of Gainesville</u>, 177 F.3d 949, 952 (11th Cir. 1999), citing <u>Sullivan v. School Board of Pinellas County</u>, 773 F.2d 1182, 1189 (11th Cir. 1985).

Thus, there is no basis for the defendant's claim of attorney fees for the trial of this action or for any attorney time expended after his motion for summary judgment was denied as to the plaintiff's unreasonable force claim. His argument that the plaintiff proceeded to trial on a meritless claim is based on nothing less than his opinion that the jury did not believe the plaintiff's testimony by a preponderance of the evidence. If that were the standard for a reverse attorney fee award, such fees would be awarded in every case in which a plaintiff does not prevail. Clearly, that is not the standard.

As to the false arrest and excessive bail claims, the fact that the court granted summary judgment in the defendant's favor does not entitle him to a fee award. First, it is impossible to conclude from the evidence submitted that any of the defendant's pre-motion time would not have been expended on the unreasonable force claim alone. Thus, the fact that the plaintiff brought numerous legal claims on

the basis of a single core of operative fact does not entitle the defendant to a fee award with respect to those legal theories which did not survive summary judgment. Ordinarily, lawyers assert many legal theories upon the basis of a single core of facts. They are not to be penalized because some of those legal theories prove unsuccessful. Quarantino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999); Koster v. Trans World Airlines, Inc., 181 F.3d 24, 38 (1st Cir. 1999); Jaffee v. Redmond, 142 F.3d 409 (7th Cir 1998).

Moreover, the plaintiff had a good faith basis for asserting those ultimately unsuccessful legal theories.

The defendant prevailed on summary judgment on the excessive bail theory on the basis of a holding that, as a bail-bond setter, he was entitled to absolute quasi-judicial immunity. At the time the suit was filed, no reported Connecticut or Second Circuit case ever had thus immunized police officers who set bonds. There was, however, substantial authority for the contrary position in the First Circuit, Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987). Moreover, in an unreported decision in this district, Judge Nevas specifically held that there is a cause of action against a police officer for setting an unreasonably high bail bond at the stationhouse. Scagliotti v. Matteo, N-87-328 (D.Conn. 1988). Clearly the plaintiff's action was not frivolous or unreasonable and had a sound legal basis at the time the suit was filed. There also were at that time reported decisions in comparable areas

of the law refusing to award the sort of quasi-judicial immunity ultimately given to this defendant.  See, *e.g.*, DeRosa v. Bell, 24 F. Supp. 2d 252 (D. Conn. 1998) (Arterton, J.) (public health officials who summarily suspended plaintiff's day care license not entitled to quasi-judicial immunity).  In the related area of prosecutorial or quasi-prosecutorial immunity, the Second Circuit denied absolute immunity to a police superintendent who prosecuted a subordinate in Dobosz v. Walsh, 892 F.2d 1135 (2d Cir. 1989).

The defendant also obtained summary judgment on the plaintiff's false arrest claim solely on the ground that, as he claimed, the plaintiff did not receive a favorable disposition of the underlying criminal charges for which the defendant arrested him.  At the time this suit was filed, however, a favorable outcome of the underlying criminal litigation was not an element of a false arrest claim.  In Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (Jacobs, J.), a malicious prosecution case, the court noted in *dicta* that "[a] favorable termination of the proceedings is not an element" of the constitutional tort of false arrest, thereby distinguishing it from the constitutional tort of malicious prosecution.  See also Vallen v. Connelly, 36 Fed. Appx. 29 (2d Cir. 2002), and Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996) (both relying on New York law).  "Although there is some case law arguably to the contrary,...more recent decisions of the Court of Appeals have confirmed the traditional rule that favorable termination is not a required

element of a false arrest claim, as opposed to a malicious prosecution claim." Coakley v. Jaffe, 49 F. Supp. 2d 615, 624 (S.D.N.Y. 1999) (Rakoff, J.).  Citing Weyant, Singer, and Breen v. Garrison, 169 F.3d 152, 152-54 (2d Cir. 1999).

"Typically, the elements of a false arrest claim are said to be:  (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and, (4) the defendant had no privilege to cause the confinement." Nelson v. City of Cambridge, 101 F. Supp. 2d 44, 48 (D. Mass. 2000) (Gertner, J.), citing Calero-Colon v. Betancourt-Lebron, 68  F.3d 1, 3 n. 6 (1st Cir. 1995).  "Although the plaintiff bears the burden of proof on the issue of unlawful arrest, she can make a prima facie case simply by showing that the arrest was conducted without a valid warrant.  At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest.  The plaintiff still has the ultimate burden of proof, but the burden of production falls on the defendant....If the defendant is unable or refuses to come forward with any evidence that the arresting officers had probable cause and the plaintiff's own testimony does not establish it, the court should presume the arrest was unlawful." Dubner v. City an County of San Francisco, 266 F.3d 959, 965 (9th Cir. 2001).

"A section 1983 claim for false arrest [is based] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without

probable cause....The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)....In evaluating these matters, we consider the facts available to the officer at the time of the arrest." Ricciuti v. New York City Transit Authority, 124 F.3d 123, 128 (2d Cir. 1997). Cf., Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, see, e.g., Singer v. Fulton County Sheriff, 63 F.3d at 118-19..., or may require a trial if the facts are in dispute, see, e.g., Moore v. Comesanas, 32 F.3d 670, 673 (2d Cir. 1994)...." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (Kearse, J.).

"[L]aw enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as law enforcement would not be unduly hampered if the agents wait to obtain more facts before seeking to arrest....An officer need not conduct a 'mini-trial' before making an arrest..., but probable cause does not exist when a minimal further investigation would have exonerated the suspect." Kuehl v. Burtis, 173 F.3d 646, 650 (8th Cir. 1999) (quotation marks omitted).

The plaintiff's sworn evidence showed that there was no probable cause for his warrantless arrest and that the defendant could have confirmed the absence of

probable cause just by looking at his DMV manual as the plaintiff asked him to do. Thus, there was a good faith basis for bringing suit for false arrest.

A favorable outcome to the underlying criminal prosecution *is* an essential element to a malicious prosecution claim, however, and was so at the time suit was filed. The elements of a malicious prosecution case, whether under the Fourth Amendment or under state law, are "(1) the defendant either commenced or continued a criminal proceeding against [the plaintiff]; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991); Bonide Products, Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000). "To prevail on a claim of malicious prosecution, four elements must be shown: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor." Ricciuti v. New York City Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). See also Rohman v. New York City Transit Authority, 215 F.3d 208, 215-16 (2d Cir. 2000).

As noted above, one of the essential elements of a Section 1983 malicious prosecution suit, as in most state common law malicious prosecution suits, is that the underlying criminal prosecution have terminated favorably to the accused. See Brummett v. Cambele, 946 F.2d 1178 (5th Cir. 1991). What constitutes a "favorable

termination" is a function of state law.  Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).  It is not necessary, however, that the civil plaintiff have prevailed on all aspects of the underlying criminal prosecution, so long as she prevailed with respect to that charge or those charges upon which the civil suit is based.  In Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989), the Second Circuit held that it was not necessary that the plaintiff have been acquitted of all underlying charges so long as he was acquitted of the one charge (in that case, resisting arrest) which, distinct from the other accusation (disorderly conduct in that case), constituted the basis of his suit.  Accord:  Green v. Montgomery, 219 F.3d 52 (2d Cir. 2000); Lowth v. Town of Cheektowaga, 82 F.3d 563 (2d Cir. 1996); Uboh v. Reno, 141 F.3d 1000, 1005 (11th Cir. 1998) (Bivens action in which AUSA unilaterally dismissed drug charges after Uboh had been convicted on credit card fraud counts of the same indictment); Sabib v. Jowett, 214 F. Supp. 2d 226, 241 (D. Conn. 2002).

    To support an action for malicious prosecution under Connecticut law, the termination of the underlying criminal action need not indicate innocence – merely, it must not indicate guilt.  Russo v. City of Hartford, 184 F. Supp. 2d 169, 185-86 (D. Conn. 2002) (Hall, J.); See v. Gosselin, 133 Conn. 158, 48 A.2d 560 (1946) (malicious prosecution); McHale v. W.B.S. Corp., 187 Conn. 444 (1982).  A nolle is sufficient for that purpose.  The defendant, however, claimed that the plaintiff's guilty plea to an offense with which the defendant never charged him, on a separate

Information, vitiated the "favorable disposition" of the nolle.  The court ultimately agreed with him.  However, <u>Janetka</u>, *supra*, appeared to hold otherwise and the plaintiff clearly had a good-faith basis for suing on this theory as well.

For these reasons, the defendant has not established and cannot establish that the plaintiff's suit was so frivolous and brought in such bad faith, that the court could properly impose the extraordinary award of reverse attorney fees upon the plaintiff merely because his suit ultimately was unsuccessful.

The defendant's motion for attorney fees must be denied.

Respectfully submitted:

BY:_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        TELEPHONE:  203.562.9931
        FAX:  203.776.9494
        E-MAIL:  jrw@johnrwilliams.com
        His Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy hereof was mailed to Frank J. Szilagyi, Esq., and William M. Tierney, Esq., at Silvester & Daly, 72 Russ Street, Hartford, CT 06103.

_____
JOHN R. WILLIAMS